UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Cr. A. No. 08-00047** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DONALD BRENDLE** | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM ORDER

On April 27, 2012, Donald Brendle ("Brendle") filed a "Motion for a Sentence Reduction Pursuant to § 5K2.13 Diminished Capacity, 18 U.S.C. § 3553" ("Motion for Reduction") [Doc. No. 27]. In conjunction with this filing, Brendle also filed a Motion to Appoint Counsel [Doc. No. 25] and a Motion for Production of Documents [Doc. No. 26].

On March 18, 2008, Brendle pled guilty before the Magistrate Judge to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (2). On April 4, 2008, the Court issued a Judgment [Doc. No. 14] adopting the Report and Recommendation of the Magistrate Judge and adjudging Brendle guilty of the offense.

On November 3, 2008, the Court conducted a hearing and sentenced Brendle to a statutory mandatory minimum sentence of 120 months imprisonment. Brendle did not appeal his conviction or sentence, and he has not filed any motions for post-conviction relief pursuant to 28 U.S.C. § 2255.[1]

Instead, over three years later, Brendle moves the Court to reduce his statutory minimum sentence pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K2.13.

---

[1] An appeal or a § 2255 motion would be untimely at this point, and, at any rate, Brendle specifically states that "he is not attacking his conviction or sentence as in a 28 U.S.C. 2255." [Doc. No. 27, p. 2 (emphasis in original)].

At the time of Brendle's sentencing, the 2008 United States Sentencing Commission Guidelines Manual § 5K2.13 provided:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.
>
> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

U.S.S.G. § 5K2.13 (Policy Statement) (2008 ed.). In appropriate cases, this policy statement allows the Court to consider a departure from the recommended Guidelines range of imprisonment based on a defendant's diminished mental capacity.

However, in this case, Brendle was not sentenced under a recommended Guidelines range. The Court had no choice but to impose the statutory mandatory minimum of 120 months imprisonment and had no authority to consider Brendle's alleged diminished mental capacity, even if his lawyer had raised that concern at the hearing. Thus, Brendle's motion has no substantive merit.

Further, the Court has no authority to reduce Brendle's sentence, even if § 5K2.13 were applicable. A district court's authority to amend a sentence is limited by 18 U.S.C. § 3582. Under § 3582, the Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B).

Pursuant to Rule 35(a), a court may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error within fourteen days of the date a defendant was sentenced. FED. R. CRIM. P. 35(a), (c). This fourteen-day time limit is jurisdictional. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997); *United States v. Lopez*, 26 F.3d 512, 518-20 (5th Cir. 1994). Here, more than fourteen days have passed since sentence was imposed, and Brendle does not contend that there was an arithmetical, technical, or other clear error.[2]

The Government could also move under Rule 35(b) for the Court to reduce a defendant's sentence because of his substantial assistance to the Government. However, no such motion has been filed.

Finally, a sentence may be modified for reasons permitted under § 3582, but Brendle has not asserted any such appropriate reasons.[3]

Thus, after a consideration of its limited authority, the Court finds that it cannot reduce Brendle's sentence on the basis of his alleged diminished mental capacity. Therefore,

IT IS ORDERED that Brendle's Motion to Reduce Sentence is DENIED.

IT IS FURTHER ORDERED that Brendle's Motion to Appoint Counsel [Doc. No. 25]

---

[2] Likewise, Federal Rule of Criminal Procedure 36, which provides a method to correct clerical mistakes in judgments, orders or other parts of the record at any time, does not apply.

[3] For example, under § 3582(c)(2), if the "sentencing range" upon which a defendant was sentenced is "subsequently . . . lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," then "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In this case, the "range" upon which his sentence was based was, again, a statutory mandatory minimum, not a recommended Guidelines range.

and his Motion for Production of Documents [Doc. No. 26] are DENIED AS MOOT.

MONROE, LOUISIANA, this 3rd day of May, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE